**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| DEMOUNTABLE PARTITION INSTALLATION, INC. | ) ) | |
| Defendant. | ) | |

# C O M P L A I N T

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant, Demountable Partition Installation, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act. (29 U.S.C. §§1132). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore,

are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Demountable Partition Installation, Inc. is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreement also binds Demountable Partition Installation, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Demountable Partition Installation, Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Demountable Partition Installation, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. Demountable Partition Installation, Inc. breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period April 1, 2011 through the present, after demand for the audit was made upon Demountable Partition Installation, Inc.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

9. Demountable Partition Installation, Inc. is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Demountable Partition Installation, Inc. is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant Demountable Partition Installation, Inc. be required to provide access to its records within ten (10) days for the period of April 1, 2011 through the present, so that the audit can be completed.

B. That Defendant Demountable Partition Installation, Inc. be ordered to pay all contributions shown to be due upon completion of the audit.

C. That Defendant Demountable Partition Installation, Inc. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Defendant Demountable Partition Installation, Inc. be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By:   s/Travis J. Ketterman
     _____
     TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
January 24, 2017

4